**LIBERTY MUTUAL INSURANCE COMPANY, Appellant,**

v.

**UNITED STATES FIRE INSURANCE COMPANY, Appellee.**

No. A2192.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Nov. 7, 1979.

Rehearing Denied Dec. 5, 1979.

Sharon S. Woolf, Boswell, O'Toole, Davis & Pickering, Houston, for appellant.

Arno W. Krebs, Jr., Fulbright & Jaworski, Houston, for appellee.

Before J. CURTISS BROWN, C. J., and MILLER and JUNELL, JJ.

MILLER, Justice.

This declaratory judgment case was brought to determine the amount of the respective liabilities of two insurance companies for losses incurred as a result of an automobile accident. Each has an obligation to participate in the final settlement, the issue being in what order and what proportion.

The accident occurred on June 18, 1969, when Elizabeth Lee Hillyer, a passenger in a jeep driven by Steve Kennedy and owned by Henry J. N. Taub, was injured. Her personal injury suit was subsequently settled for $250,000.00.

Kennedy was insured by Liberty Mutual Insurance Company, with policy limits of $100,000.00 per person per accident. Taub was insured by American General Insurance Company with a family automobile policy with primary limits of $100,000.00, and by United States Fire Insurance Company with a professional comprehensive personal catastrophe liability policy, commonly referred to as an umbrella policy, with limits of $1,000,000.00 in excess of the insured's "retained limit".

The settlement by agreement of all parties was paid in the following order: American General paid its policy limits for a one-person accident of $100,000.00; Liberty Mutual paid its policy limits of $100,000.00; and United States Fire paid the remaining $50,000.00. Liberty Mutual and United States Fire, however, expressly agreed to seek a judicial determination of coverage and order of coverages as between the two of them.

The case, tried to the lower court on stipulated facts, resulted in a judgment that appellant, Liberty Mutual, recover nothing. It is before us now on appeal. We affirm.

Liberty Mutual's policy, although providing Kennedy primary coverage for bodily injuries, contained the following clause:

Other Insurance: If the insured has other insurance against a loss covered by Part I of this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; *provided, however, the insurance with respect to a temporary substitute automobile or non-owned automobile shall be excess insurance over any other valid and collectible insurance.* (Emphasis added).

U. S. Fire's policy contained the following provisions:

I COVERAGE—

The company agrees to indemnify the insured for ultimate net loss in excess of the retained limit which the insured shall become legally obligated to pay:

(a) Personal Liability. As damages because of personal injury or property damages;

\* \* \* \* \* \*

III LIMIT OF LIABILITY—Retained Limit—

The company's liability shall be only for the ultimate net loss in excess of the insured's retained limit defined as the greater of:

(a) the total of the applicable limits of the underlying policies listed in Schedule A hereof, and *the applicable limits of any other underlying insurance collectible by the insured*; or

(b) an amount as stated in Item 4(B) of the Declarations as the result of any one occurrence not covered by the policies so listed or insurance;

and then up to an amount not exceeding the amount as stated in Item 4(A) of the Declarations as the result of any one occurrence. (Emphasis added).

\* \* \* \* \* \*

F. *Other Insurance. If other collectible insurance with any other insurer is available to the insured covering a loss also covered hereunder* (except insurance purchased to apply in excess of the sum of the retained limit and the limit of liability hereunder), *the insurance hereunder shall be in excess of, and not contribute with, such other insurance.* (Emphasis added).

Schedule A—Schedule of Underlying Policies of United States Fire's policy lists an automobile policy with a one-person bodily injury limit of $100,000.00.

Appellant has preserved three points of error, all of which are based on the contention that the "other insurance" clauses of the two policies are mutually repugnant. If so, appellant contends that its policy should be so construed as to provide a concurrent second layer of insurance with appellee's policy in a prorata amount based upon the respective maximum policy limits.

In support of its position Liberty Mutual relies heavily on *Hardware Dealers Mutual Fire Ins. Co. v. Farmers Ins. Exchange,* 444 S.W.2d 583 (Tex.1969), wherein our Supreme Court held that two similar "other insurance" clauses were repugnant to each other, ignored both clauses, and held that, inasmuch as the two policies provided for the same limits of liability they should share equally in the loss.

Appellant's confidence in the *Hardware* case, however, is misplaced. There, the carriers were both primary insurers, and the Hardware policy contained an escape or non-liability clause, which specifically made the "other insurance" clause applicable to excess insurance. In the instant case there is an umbrella and a primary automobile policy, and neither policy contains an escape clause.

Where there is apparent conflict between clauses of applicable insurance policies, courts should look to the overall pattern of insurance coverage to resolve disputes among the carriers. *Berkeley v. Fireman's Fund Ins. Co.,* 407 F.Supp. 960 (W.D. Wash.1975).

It is true that each of the policies has an "other insurance" clause that apparently limits coverage in the fortuitous circumstance of the presence of other validly subsisting coverage, but an examination of the purpose of the policies dictates the resolution of this dispute. Liberty Mutual's policy generally affords primary coverage; its coverage becomes excess only because of the presence of a non-owned vehicle. United States Fire's policy remains excess in all events. Thus it is apparent that the intent of all parties to the policies is for United States Fire's policy to remain an umbrella policy, and Liberty Mutual's coverage to underlie it. *Allstate Ins. Co. v. Employers Liability Assur. Corp.,* 445 F.2d 1278 (5th Cir. 1971). Had Liberty Mutual issued its policy as it did, and United States Fire had issued its policy to Kennedy instead of to Taub, there would be no question that Liberty would be liable to the full extent of its policy limits.

We hold that the trial court is correct in its decision that Liberty Mutual is required to pay the full limits of its coverage prior to United States Fire's obligation to assume any of the loss.

Affirmed.